## JULY TERM, 1848.

---

### GILES WALDO, E. S. BENSON, and A. LANGLOIS vs. G. PELLY and J. R. VON PFISTER.

Action on an attachment bond defeated, as a majority of the partners, plaintiffs, had caused their store to be closed, and placed their affairs in the hands of a third party, before the attachment was made, and consequently suffered no damage.

This was an action brought to recover the sum of $9,000 as dam-

E

ages on a bond given by the defendants in February last, on taking out an attachment against the property of plaintiffs.

It was contended by the plaintiffs, that by the issuing of the attachment for which this bond was given, they had been stopped in the midst of a prosperous mercantile business—their credit and reputation as merchants utterly ruined, and had suffered damages far exceeding the penalty of this bond.

On the part of the defence, the allegations of the plaintiffs were totally denied, and it was contended that the plaintiffs were not doing a prosperous business at the time of the issuing of this attachment, that they were insolvent, and without credit or reputation as merchants—that they had closed their own doors in the face of their creditors previous to the issuing of the attachment, and that if they had suffered any injury, they had brought it entirely upon themselves, and were not entitled to recover the same of the defendants.

There was much evidence taken in the case, but the most important fact that appeared was that previous to the issuing of the attachment, two of the plaintiffs, constituting a majority of the firm of Waldo & Co., had given a power of attorney to Mr. J. B. De Fiennes to close their store, and settle up their business—and that by virtue of this power of attorney, Mr. J. B. De Fiennes had closed the store and placed a guard over it.

CHIEF JUSTICE LEE charged the jury, that while the law protected the rights of creditors, and assisted them in the collection of their just debts, it was at the same time tender of the rights of the debtor, and if the creditor inflicted an injury upon him without cause, he must make full reparation for the same. That for that purpose this bond was given, and if they found that the allegations of the plaintiffs were sustained by the evidence, their verdict should be in favor of the plaintiffs. But if on the other hand, they found, as was contended for by the defendants, that the plaintiffs were doing no business on the day of the issuing of the attachment—that they had closed their own store, and placed all their property in the hands of a third person, that then the grounds of the action were untenable and their verdict should be in favor of the defendants.

The jury retired, and after an absence of an hour, returned into court with a verdict for the defendants.

Mr. DeFiennes for plaintiffs.

Mr. Jasper and Mr. Bates, for defendants.